No. 68,302
No. 68,773

In the Matter of ANNETTE M. JACKSON, *Respondent.*

(867 P.2d 278)

Opinion filed January 21, 1994.

Stanton A. Hazlett, deputy disciplinary administrator, argued the cause, and *Bruce E. Miller*, disciplinary administrator, was with him on the brief for petitioner.

*Gregory Coggs*, of Kansas City, argued the cause and was on the brief for respondent.

*Per Curiam*: This matter comes before the court as a result of four separate complaints filed by the Disciplinary Administrator's Office alleging misconduct on the part of respondent.

Three of the cases, B4646, B5125, and B5152, were handled in one panel report and are assigned case No. 68,773. Case B5196 was later heard by the same disciplinary panel and is assigned case No. 68,302. The four complaints were consolidated by this court for hearing as case No. 68,302. A fifth complaint was heard by the same panel. It was not consolidated with these cases and is being handled in a separate opinion in case No. 69,615 filed this day. A sixth complaint has been heard, but a report by the panel has not been filed.

Respondent was admitted to the Kansas bar on April 20, 1979. She commenced practice, sharing office space with Elmer C. Jackson, Jr., a widely known and respected lawyer. She later officed by herself. Her husband developed a substance abuse problem (cocaine) which became much worse in 1987 and remained the focal point of respondent's life, culminating with her husband's suicide in January 1991 by carbon monoxide poisoning. Respondent also suffered from carbon monoxide poisoning and emotional problems which resulted in her not practicing law and her current files being placed under court supervision from January 22, 1991, to April 1, 1991.

Respondent, with counsel who no longer represents her, filed exceptions to the first report involving three complaints. Re-

spondent filed exceptions to the second report through her present counsel. At oral argument, her present counsel conceded the violations in all four disciplinary cases and requested this court place respondent on supervised probation. Counsel filed a plan for supervised probation and a medical report from a psychiatrist who is treating the respondent for depression.

All of respondent's problems concerning her practice of law occurred during her troubled times between 1987 and 1991. Highly summarized, her present infractions are as follows:

### B4646

In August 1988, respondent deposited checks in her trust account representing funds that belonged in part to her and in part to her clients. She wrote checks from her trust account for her personal use and allowed the trust account to fall far below the amount due her clients. The panel concluded that respondent had violated MRPC 1.15(a), (b), and (d)(2)(iv) (1993 Kan. Ct. R. Annot. 299), MRPC 8.4(g) (1993 Kan. Ct. R. Annot. 347), and Supreme Court Rule 207 (1993 Kan. Ct. R. Annot. 170).

### B5125

On August 23, 1990, respondent received a $500 fee to handle a simplified estate. Her client was subsequently unable to reach her, and she did not return telephone calls. When his efforts were unsuccessful, he sent respondent a letter by certified mail giving her a deadline in which to respond. The letter was delivered to her while she was not practicing law in February 1991. The complainant ultimately hired other counsel to complete the estate. At the formal hearing on the complaint, respondent refunded the $500 retainer fee to the complainant.

The panel found respondent had violated MRPC 1.3 (1993 Kan. Ct. R. Annot. 263), MRPC 1.4 (1993 Kan. Ct. R. Annot. 267), MRPC 1.15(d)(2)(iv), MRPC 1.16(a)(2) (1993 Kan. Ct. R. Annot. 304), MRPC 3.2 (1993 Kan. Ct. R. Annot. 313), and MRPC 8.4(g), and had also violated Rule 207.

### B5152 ·

Respondent was employed in a criminal case. Her client was charged with two counts of aggravated criminal sodomy and one count of indecent liberties. He pleaded guilty to one count of indecent liberties, one count of aggravated incest, and one count

of aggravated sexual battery, and his sentences were to run concurrently. Respondent failed to file a motion to modify sentence. Respondent testified she did not believe the defendant's sentence would have been reduced but conceded it was possible that the court would have reduced the sentence.

The panel found that respondent did not diligently and promptly handle the case and found violations of MRPC 1.1 (1993 Kan. Ct. R. Annot. 258) and MRPC 1.3.

On the first three complaints, the panel recommended suspension of respondent from the practice of law.

### B5196

The complainants are the grandparents of a defendant in a criminal case. They hired respondent to represent their grandson in an appeal of his criminal conviction. Respondent received a minimum fee of $2,500 from the complainants. Respondent entered the case at the defendant's sentencing on October 6, 1990. She filed a number of motions, including a request for probation. The motion for modification was heard February 22, 1991. At that time, respondent was not practicing law and had been replaced by other counsel. Respondent did not return phone calls or keep appointments with defendant's mother and grandparents. Respondent believes she is entitled to keep $1,000 of the fee. The complainants believe they are entitled to a full refund of the $2,500. Respondent has not refunded the $1,500 she concedes is due the complainants.

The panel found violations of MRPC 1.4 for failing to communicate with her client and MRPC 1.15 for not preserving the money received from the complainants in an attorney trust account. The record, briefs, and panel report show the $2,500 was received as a minimum fee and thus was not required to be placed in a trust account. It was subject to MRPC 1.16(d), which requires a lawyer upon termination of representation to refund any advance payment of fee that has not been earned. The panel, however, made a specific finding that the respondent did not violate MRPC 1.16(d) and dismissed that charge. It is not before us in this appeal. We now dismiss the charge under MRPC 1.15 that respondent had a duty to place the fee she had been paid,

which the parties describe as a "minimum fee," into a trust account.

The panel recommended that respondent be suspended from the practice of law and that "[i]n the interest of encouraging respondent to seek reinstatement under a program of supervised probation, the panel urges that no minimum term of suspension be imposed."

In view of the fact respondent practiced law for 10 years at an acceptable level before being overwhelmed by personal problems for which she is receiving help to overcome, and because she has a disciplinary complaint pending which is not yet before us, we choose not to suspend respondent from the practice of law at this time but to suspend the imposition of discipline until the remaining complaint is before us. This will also give this court additional time to see how respondent responds to treatment and supervision in the practice of law.

Respondent has requested that this court make certain orders concerning disputes she has with one or more former clients. This is not the proper forum to settle said disputes, and it is respondent's responsibility to see that her obligations are promptly taken care of.

IT IS THE ORDER OF THE COURT that the imposition of discipline against Annette M. Jackson be and is hereby suspended, and she is placed on supervised probation until such time as this court decides the remaining complaint against her.

IT IS FURTHER ORDERED that during the probation period respondent's practice of law is to be supervised by Elmer C. Jackson, Jr., according to the plan submitted to this court, with quarterly reports sent to the office of the Disciplinary Administrator on the status of respondent's practice and her ability to practice law as well as the state of her trust account. The schedule for the reports will be set by the Disciplinary Administrator.

IT IS FURTHER ORDERED that respondent shall continue in some type of psychological counseling, including either group or individual therapy. Respondent shall report on a quarterly basis to the office of the Disciplinary Administrator, provide verification that she is in therapy, and include a copy of her therapist's report on her progress. The schedule for the reports will be established by the Disciplinary Administrator.

It Is Further Ordered that in the event respondent fails to abide by the conditions set forth herein, a show cause order shall issue to respondent, and this court will take whatever disciplinary action it deems just and proper without further formal proceedings.

It Is Further Ordered that this order be published in the official Kansas Reports and that respondent pay the costs of these proceedings.