No. 69,615

In the Matter of ANNETTE M. JACKSON, *Respondent.*

(866 P.2d 1048)

Opinion filed January 21, 1994.

*Bruce E. Miller,* disciplinary administrator, argued the cause for petitioner.

*Gregory Coggs,* of Kansas City, argued the cause for respondent.

*Per Curiam:* This is an original attorney discipline proceeding filed by the Office of the Disciplinary Administrator against Annette M. Jackson, a Kansas City, Kansas, attorney duly admitted and licensed to practice law in the State of Kansas.

The complainant in this case is mildly mentally retarded. In 1982, she became employed by General Motors Corporation and worked for six years under the Federal Vocational Rehabilitation Act of 1973. She was transferred to the Fairfax General Motors Plant in Kansas City, Kansas, but was unable to perform newly assigned tasks, was injured on the job, and was dismissed or not rehired by General Motors. The complainant and her mother secured the services of a Missouri attorney to represent her in a handicap employment discrimination action against General Motors. Respondent, Annette M. Jackson, was retained as local counsel for the complainant. The case was tried to a jury. A directed verdict was entered for the defendant at the close of the plaintiff's evidence. A motion for a new trial was denied by court order entered August 31, 1990. On October 29, 1990, the plaintiff's attorneys filed a motion for extension of time seeking an extension of the 30-day appeal time based upon excusable neglect in that plaintiff's attorneys did not receive a copy of the court's order entered August 31, 1990, until the middle of October 1990. The trial judge sustained the motion and a notice of appeal was filed.

The Tenth Circuit Court of Appeals, however, determined that the trial court had improperly extended the time to file the appeal. Accordingly, the Tenth Circuit held that the filing of the

notice of appeal after denial of the motion for new trial was late and the appeal was barred.

Under Supreme Court Rule 116 (1993 Kan. Ct. R. Annot. 118), the duty of local counsel is as follows:

"The Kansas attorney of record shall be actively engaged in the conduct of the matter or litigation, shall sign all pleadings, documents, and briefs, and shall be present throughout all court or administrative appearances. Service may be had upon the associated Kansas attorney in all matters connected with said action, hearing or proceeding, with the same effect as if personally made on the out-of-state attorney, within this state."

The panel found by clear and convincing evidence that the respondent had violated MRPC 1.1 (1993 Kan. Ct. R. Annot. 258), MRPC 1.3 (1993 Kan. Ct. R. Annot. 263), and Supreme Court Rule 207 (1993 Kan. Ct. R. Annot. 170).

The panel unanimously recommended that respondent be publicly censured for violation of the rules and that costs should be assessed to respondent.

We accept the panel's findings and recommendation.

IT IS THEREFORE ORDERED, that Annette M. Jackson be censured for her previously enumerated violations of the model rules of professional conduct.

IT IS FURTHER ORDERED that the costs of these proceedings be assessed to respondent and that this order be published in the official Kansas Reports.