No. 71,675

In the Matter of ANNETTE M. JACKSON, *Respondent.*

(885 P.2d 1259)

Opinion filed December 9, 1994.

*Stanton A. Hazlett,* deputy disciplinary administrator, argued the cause, and *Bruce E. Miller,* disciplinary administrator, was with him on the formal complaint for petitioner.

*Gregory M. Coggs,* of Kansas City, argued the cause for respondent, and *Annette M. Jackson,* respondent, argued the cause pro se.

*Per Curiam:* Respondent has previously been before this court. The disciplinary panel that heard this case had not filed its report before we decided cases Nos. 68,302 and 68,773 (*In re Jackson,* 254 Kan. 406, 867 P.2d 278 [1994]) and case No. 69,615 (*In re Jackson,* 254 Kan. 573, 866 P.2d 1048 [1994]). In *In re Jackson,* 254 Kan. 406, we said:

"Respondent was admitted to the Kansas bar on April 20, 1979. She commenced practice, sharing office space with Elmer C. Jackson, Jr., a widely known and respected lawyer. She later officed by herself. Her husband developed a substance abuse problem (cocaine) which became much worse in 1987 and remained the focal point of the respondent's life, culminating with her husband's suicide in January 1991 by carbon monoxide poisoning. Respondent also suffered from carbon monoxide poisoning and emotional problems which resulted in her not practicing law and her current files being placed under court supervision from January 22, 1991, to April 1, 1991."

All of respondent's problems concerning her practice of law, including this case, occurred between 1987 and 1991.

In *In re Jackson,* 254 Kan. 573, respondent was given published censure. In *In re Jackson,* 254 Kan. at 409-10, we commented and held in pertinent part as follows:

"In view of the fact respondent practiced law for 10 years at an acceptable level before being overwhelmed by personal problems for which she is receiving help to overcome, and because she has a disciplinary complaint pending which is not yet before us, we choose not to suspend respondent from the practice of law at this time but to suspend the imposition of discipline until the remaining complaint is before us. This will also give this court additional time to see how respondent responds to treatment and supervision in the practice of law.

. . . .

"IT IS THE ORDER OF THE COURT that the imposition of discipline against Annette M. Jackson be and is hereby suspended, and she is placed on supervised probation until such time as this court decides the remaining complaint against her.

"IT IS FURTHER ORDERED that during the probation period respondent's practice of law is to be supervised by Elmer C. Jackson, Jr., according to the plan submitted to this court, with quarterly reports sent to the office of the Disciplinary Administrator on the status of respondent's practice and her ability to practice law as well as the state of her trust account. The schedule for the reports will be set by the Disciplinary Administrator.

"IT IS FURTHER ORDERED that respondent shall continue in some type of psychological counseling, including either group or individual therapy. Respondent shall report on a quarterly basis to the office of the Disciplinary Administrator, provide verification that she is in therapy, and include a copy of her therapist's report on her progress. The schedule for the reports will be established by the Disciplinary Administrator.

"IT IS FURTHER ORDERED that in the event respondent fails to abide by the conditions set forth herein, a show cause order shall issue to respondent, and this court will take whatever disciplinary action it deems just and proper without further formal proceedings."

The present complaint arises out of a settlement received in a lawsuit in 1987 in which respondent's client received a net settlement of $7,691. In 1991 respondent paid over $7,300 to her client.

The panel found respondent had violated MRPC 1.15 (1993 Kan. Ct. R. Annot. 299) (safekeeping property) and MRPC 8.4 (1993 Kan. Ct. R. Annot. 347) (misconduct) and recommended indefinite suspension.

The panel heard the case in November 1993 and, for a valid and compelling reason unrelated to respondent, was unable to complete and file its report until some four months after this court filed its opinions in cases No. 68,302, No. 68,733 and No. 69,615. Since the report was filed, respondent has paid an additional $3,300 to her client through the Disciplinary Administrator's office.

In addition, respondent has furnished the required reports and is receiving supervision by Elmer C. Jackson, Jr., as well as medical treatment.

This court concludes that respondent's violation in this case is a severe breach of the Model Rules of Professional Conduct of kind and character that would ordinarily result in indefinite suspension and possibly disbarment.

Because respondent has practiced law for 10 years at an acceptable level before being overwhelmed by personal problems and because all of her problems practicing law have occurred between 1987 and 1991, coupled with the fact she is responding to treatment and supervision and has had no reported violations the last three years, a *majority* of this court suspends the imposition of sentence.

IT IS THE ORDER OF THE COURT that the imposition of discipline against Annette M. Jackson be and is hereby suspended, and she is placed on supervised probation for a period of three years from the date of this opinion.

IT IS FURTHER ORDERED that during the probation period respondent's practice of law is to be supervised by Elmer C. Jackson, Jr., according to the plan submitted to this court in *In re Jackson*, 254 Kan. 406, with quarterly reports sent to the office of the Disciplinary Administrator on the status of respondent's practice and her ability to practice law as well as the state of her trust account. The schedule for the reports will be set by the Disciplinary Administrator. The Disciplinary Administrator is also authorized to change supervising attorneys should Mr. Jackson be unable to supervise respondent or desire to be replaced.

IT IS FURTHER ORDERED that respondent shall continue in some type of psychological counseling, including group or individual therapy. Respondent shall report on a quarterly basis to the office of the Disciplinary Administrator, provide verification that she is in therapy, and include a copy of her therapist's report on her progress. The schedule for the reports will be established by the Disciplinary Administrator.

IT IS FURTHER ORDERED that in the event respondent fails to abide by the conditions set forth herein, a show cause order shall issue to respondent, and this court will take whatever disciplinary action it deems just and proper without further formal proceedings.

IT IS FURTHER ORDERED that this order be published in the official Kansas Reports and that respondent pay the costs of these proceedings.