No. 73,410

In the Matter of WENDELL BETTS, *Respondent.*

(895 P.2d 604)

Opinion filed June 2, 1995.

*Mark F. Anderson,* disciplinary administrator, argued the cause, and *Stanton A. Hazlett,* deputy disciplinary administrator, was on the formal complaint for the petitioner.

*John J. Ambrosio,* of Topeka, argued the cause for respondent, and *Wendell Betts,* respondent, argued the cause pro se.

*Per Curiam*: This is an original proceeding in discipline filed by the office of the Disciplinary Administrator against respondent Wendell Betts, of Topeka, an attorney admitted to the practice of law in Kansas. Two complaints were heard, cases Nos. B5740 and B6067.

The respondent stipulated to the facts and stipulated that he had violated MRPC 1.1 (1994 Kan. Ct. R. Annot. 292) (competency), MRPC 1.3 (1994 Kan. Ct. R. Annot. 297) (diligence), and MRPC 8.4(d) (1994 Kan. Ct. R. Annot. 379) (engaging in conduct that is prejudicial to the administration of justice). The facts and violations as stipulated by the parties were accepted by the panel and set out in the panel's report.

In case No. B5740, the respondent represented a client in a civil matter filed in Sedgwick County District Court. A discovery conference was held, and at that time a pretrial conference was scheduled for January 15, 1991. The respondent, on behalf of the plaintiffs, was ordered to provide a statement of damages by November 14, 1990. The statement of damages was not provided by the respondent.

The respondent then was served with 14 interrogatories and other discovery requests. There was no response to those discovery requests. The court then entered a motion to compel discovery and set a hearing on that motion for January 7, 1991. The respondent did not appear at the hearing on the motion. The respondent

denies receiving a copy of the motion to compel discovery and a notice of hearing on that motion.

The opposing party's motion to compel was granted, and the respondent was given three days to reply to the discovery request. That order was faxed to the respondent's office. The respondent acknowledged receiving that order.

One day after the response was due, the respondent prepared interrogatory responses and sent them by Federal Express to the complainant. The interrogatory responses were signed and delivered to the opposing party's counsel the morning of January 14. The respondent did not appear at a motion to dismiss hearing on January 15, 1991. He denies receiving notice of the motion to dismiss that was set on January 15, 1991. However, the respondent knew that the pretrial conference was being held on January 15, 1991.

The trial court granted the motion to dismiss. The case was dismissed on January 15, 1991. A letter was sent to the respondent notifying him the case had been dismissed. The respondent denies receiving this letter and was unaware of the dismissal of the complainant's case until the spring of 1993. None of the paperwork mailed to the respondent was returned to the sender.

The respondent stipulated that he failed to provide competent representation to a client in violation of MRPC 1.1 and that he failed to act with reasonable diligence and promptness in representing a client in violation of MRPC 1.3.

In case No. B6067, the respondent stipulated that he was responsible for representing an individual in an appeal before the United States Court of Appeals for the Tenth Circuit. The client was a defendant in a criminal case. The respondent was ordered to show cause why he should not be disciplined for failure to file the opening brief of the defendant. The respondent failed to respond to the order to show cause.

The respondent was then given 20 days to show cause in writing why he should not be barred from practice before the Tenth Circuit for failing to prosecute the appeal and for his failure to respond to notices and orders of the court. The respondent failed to respond to this order to show cause.

On April 23, 1993, the respondent was barred from practice before the Tenth Circuit Court of Appeals. The respondent stipulated that he violated MRPC 1.1 by failing to provide competent representation to a client; MRPC 1.3 by failing to act with reasonable diligence and promptness in representing a client; and MRPC 8.4(d) by engaging in conduct that is prejudicial to the administration of justice by failing to abide by the rules of the Tenth Circuit Court of Appeals.

The respondent offered evidence in mitigation. The hearing panel was aware that the civil case that had been dismissed was reinstated by the Court of Appeals. Another attorney was appointed to represent the defendant in the criminal case and has filed an appeal which is progressing through the federal court system. The panel also received letters of support and recommendation from highly respected members of the bar, some of whom offered their support to the respondent. The respondent also submitted a report and recommendation of treatment from a reputable mental health specialist and submitted a plan of probation.

We adopt the panel's findings. The panel recommended two years' probation, subject to certain terms and conditions of probation. We agree with the panel that suspension at this time would be unwarranted.

IT IS THE ORDER OF THE COURT that imposition of discipline against respondent Wendell Betts be and is hereby suspended, and he is placed on probation for the period of two years on the terms and conditions hereinafter set out:

1. Attorney Gerald L. Goodell will supervise the respondent's probation and supervise his practice for a period of two years from the date of this order.

2. Mr. Goodell shall be acting as an officer of the court and as an agent of the court as supervisor of probation in monitoring the legal practice of the respondent.

3. Mr. Goodell shall be afforded all immunities granted by Supreme Court Rule 223 (1994 Kan. Ct. R. Annot. 229) during the course of his activities as directed by this order. The respondent will allow Mr. Goodell access to his files, his employees, his trust

account, and his doctors. Mr. Goodell shall act periodically at such intervals as he deems appropriate, or as directed by the Disciplinary Administrator, and monitor the following: (a) the status of each case on the respondent's case list; (b) the respondent's docketing system; (c) the respondent's management of discovery; (d) the respondent's responses to clients' requests for information; (e) the respondent's trust account; and (f) the views of the local judges as to their evaluation of the respondent's performance. On a quarterly basis, Mr. Goodell shall report to the Disciplinary Administrator as to the respondent's progress or any problems he observes. Any material deviation from proper practice shall be immediately reported to the Disciplinary Administrator.

4. At the end of two years, the Disciplinary Administrator shall certify to the Supreme Court the respondent's satisfactory completion of probation.

5. The respondent shall continue counseling as recommended by Dr. Richard B. Maxfield and shall furnish reports of that treatment to the Disciplinary Administrator's office at such times and intervals as established by the Disciplinary Administrator.

IT IS FURTHER ORDERED that, in the event the respondent fails to abide by the conditions set forth herein, a show cause order will issue to the respondent, and this court shall take whatever disciplinary action it deems just and proper without further proceedings.

IT IS FURTHER ORDERED that this order be published in the Kansas Reports and that the respondent pay the costs of these proceedings.

HOLMES, C.J., not participating.