No. 78,758

In the Matter of LYNN L. PERKINS, *Respondent*.

(946 P.2d 998)

Opinion filed October 31, 1997.

*Frank D. Diehl*, deputy disciplinary administrator, argued the cause and was on the formal complaint for petitioner.

*Corlin J. Pratt*, of Grace, Unruh & Pratt, L.C., of Wichita, argued the cause for respondent, and *Lynn L. Perkins*, respondent, argued the cause pro se.

*Per Curiam*: This is an original proceeding in discipline filed by the office of the Disciplinary Administrator against respondent Lynn L. Perkins, of Howard, an attorney admitted to the practice of law in the State of Kansas. The parties stipulated to the facts of this case.

Respondent stipulated to violations of Model Rules of Professional Conduct (MRPC) 1.1 (1996 Kan. Ct. R. Annot. 257) (a lawyer shall provide competent representation to a client) and 1.3 (1996 Kan. Ct. R. Annot. 264) (a lawyer shall act with reasonable diligence and promptness in representing a client).

The hearing panel of the Kansas Board for Discipline of Attorneys recommended a probation period because respondent had two prior disciplinary offenses related to lack of diligence and he needs a period of time to resolve his medical problems.

The stipulated facts show that respondent failed to diligently handle the estates of Keith Gould and Lela Hope Gould and misinterpreted the will of Keith Gould that he had drawn, causing delay and a potential loss to the estate in the form of penalties and interest.

Respondent suffers from an alcohol abuse problem and clinical depression.

We agree with the stipulation that respondent has violated MRPC 1.1 and 1.3.

IT IS THEREFORE ORDERED that imposition of discipline against respondent Lynn L. Perkins be suspended and that he be placed on probation for a period of 2 years from the date of this order.

IT IS FURTHER ORDERED:

(1) Attorney James L. Hargrove, of El Dorado, will supervise the respondent's probation and supervise his practice for a period of 2 years from the date of this order.

(2) Mr. Hargrove shall be acting as an officer of the court and as an agent of the court as supervisor of probation in monitoring the legal practice of the respondent.

(3) Mr. Hargrove shall be afforded all immunities granted by Supreme Court Rule 223 (1996 Kan. Ct. R. Annot. 242) during the course of his activities as directed by this order. The respondent will allow Mr. Hargrove access to his files, his employees, his trust account, and his doctors. Mr. Hargrove shall act periodically at such intervals as he deems appropriate, or as directed by the Disciplinary Administrator, and monitor the following: (a) the status of each case on the respondent's case list; (b) the respondent's docketing system; (c) the respondent's management of discovery; (d) the respondent's responses to clients' requests for information; (e) the respondent's trust account; and (f) the views of the local judges as to their evaluation of the respondent's performance.

(4) Mr. Hargrove will report to the Disciplinary Administrator at such times as requested by the Disciplinary Administrator as to respondent's progress and any problems observed. Any material deviation from proper practice shall be immediately reported to the Disciplinary Administrator.

(5) Respondent shall continue treatment for his depression and substance abuse. He shall continue to regularly attend AA meetings. During the probation period, respondent's substance abuse and clinical depression care and treatment is to be monitored by David P. Calvert, of Wichita. Mr. Calvert shall keep the Disciplinary Administrator informed of respondent's progress on a schedule and in such a manner as the Disciplinary Administrator shall request. Mr. Calvert shall immediately notify the Disciplinary Administrator if respondent uses alcohol.

(6) Respondent shall also furnish medical reports as requested by the Disciplinary Administrator.

IT IS FURTHER ORDERED that, in the event respondent fails to abide by the conditions set out herein, a show cause order shall issue to respondent, and this court shall take whatever disciplinary actions it deems just and proper, without further formal proceedings.

IT IS FURTHER ORDERED that this order be published in the official Kansas Reports and that the costs of the proceeding be assessed to respondent.