No. 79,031

In the Matter of PHILIP M. DURR, *Respondent.*
(949 P.2d 1130)

Opinion filed December 12, 1997.

*Stanton A. Hazlett*, disciplinary administrator, argued the cause and was on the formal complaints for petitioner.

*Thomas J. Berscheidt*, of Great Bend, argued the cause for respondent.

*Per Curiam*: This is an original proceeding in discipline filed by the office of the Disciplinary Administrator against respondent Philip M. Durr, of Sterling, an attorney admitted to the practice of law in the state of Kansas. The parties stipulated to the facts of this case.

In Case No. A6211, respondent stipulated to violations of Model Rules of Professional Conduct (MRPC) 1.1 (1997 Kan. Ct. R. Annot. 268) (a lawyer shall provide competent representation to a client) and 1.3 (1997 Kan. Ct. R. Annot. 276) (a lawyer shall act with reasonable diligence and promptness in representing a client). In Case No. A6666, respondent stipulated to violations of MRPC 1.1, 1.3, 1.4 (1997 Kan. Ct. R. Annot. 282) (a lawyer shall keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information), and 1.8 (1997 Kan. Ct. R. Annot. 301) (a lawyer shall not enter into a business transaction with a client unless the client is given a reasonable opportunity to seek the advice of independent counsel in the transaction).

The hearing panel of the Kansas Board for Discipline of Attorneys recommended that respondent be suspended from the practice of law for a 2-year period, but that respondent be placed on supervised probation and allowed to practice law during that 2-year period. The recommendation, in large part, was made at the request of the office of the Disciplinary Administrator because it appears respondent needs a period of time to resolve personal

problems. Respondent also has three prior disciplinary offenses related to lack of diligence. From the record before us, it appears respondent suffers from depression.

The stipulated facts show that respondent failed to diligently handle a workers compensation case and then entered into an agreement to pay his client, who was the claimant in the workers compensation case, $11,949.28. He entered into an agreement in writing to pay his client that sum without advising the client to seek independent legal advice. In addition to failing to communicate with his client in the workers compensation case, he failed to diligently handle an estate and communicate with the heirs. Respondent has closed the estate and reimbursed the estate for his attorney fees.

We agree with the stipulation that respondent has violated MRPC 1.1 and 1.3 in both pending cases, and in addition, has violated MRPC 1.4 and 1.8 in Case No. A6666.

IT IS THEREFORE ORDERED that imposition of discipline against respondent Philip M. Durr be suspended and that he be placed on probation for a period of 2 years from the date of this order.

IT IS FURTHER ORDERED:

(1) Attorney Robert G. Suelter, of Great Bend, will supervise respondent's probation and monitor his practice for a period of 2 years from the date of this order.

(2) Mr. Suelter shall be acting as an officer and agent of the court while supervising the probation and monitoring the legal practice of respondent.

(3) Mr. Suelter shall be afforded all immunities granted by Supreme Court Rule 223 (1997 Kan. Ct. R. Annot. 252) during the course of his activities as directed by this order. Respondent will allow Mr. Suelter access to his files, his employees, his trust account, and his doctors. Mr. Suelter shall act periodically at such intervals as he deems appropriate, or as directed by the Disciplinary Administrator, and monitor the following: (a) the status of each case on respondent's case list; (b) respondent's docketing system; (c) respondent's management of discovery; (d) respondent's responses to clients' requests for information; (e) respondent's trust

account; and (f) the views of the local judges as to their evaluation of respondent's performance.

(4) Mr. Suelter will report to the Disciplinary Administrator at such times as requested by the Disciplinary Administrator as to respondent's progress and any problems observed. Any material deviation from proper practice shall be immediately reported to the Disciplinary Administrator.

(5) Respondent shall also furnish medical reports as requested by the Disciplinary Administrator. Respondent shall continue to seek and follow medical advice concerning his clinical depression.

(6) At the present time, the workers compensation claim, the subject matter of the complaint in Case No. A6666, is being handled by another attorney and is still pending. Respondent is ordered to honor his agreement with his client and pay her the difference between what she nets after attorney fees have been deducted in the workers compensation case and his agreement to pay $11,949.28. Respondent shall pay the difference within 30 days of notification that the workers compensation case has been concluded. The court makes no determination as to any liability respondent may have to his client for negligently handling the workers compensation case. We do not mean to imply respondent negligently handled the claim or caused a loss to the client. We are simply ordering respondent to comply with his agreement with his client as part of the disciplinary proceedings.

IT IS FURTHER ORDERED that, in the event respondent fails to abide by the conditions set out herein, a show cause order shall issue to respondent, and this court shall take whatever disciplinary actions it deems just and proper, without further formal proceedings.

IT IS FURTHER ORDERED that this order be published in the official Kansas Reports and that the costs of the proceeding be assessed to respondent.

LOCKETT, J., not participating.

RICHARD W. WAHL, Senior Judge, assigned.