No. 79,592

In the Matter of WENDELL BETTS, *Respondent*.
(953 P.2d·223)

Opinion filed January 23, 1998.

*Stanton A. Hazlett*, disciplinary administrator, argued the cause and was on the formal complaints for petitioner.

*John J. Ambrosio*, of Topeka, argued the cause for respondent, and *Wendell Betts*, respondent, argued the cause pro se.

*Per Curiam:* This is an original proceeding in discipline filed by the office of the Disciplinary Administrator against respondent Wendell Betts, of Topeka, an attorney admitted to the practice of law in the state of Kansas. Respondent has had a history and pattern of problems that are similar in nature and occurred during the same time frame. In *In re Betts*, 257 Kan. 955, 895 P.2d 604 (1995), we suspended the imposition of discipline, knowing that the case presently pending before us was in the "pipeline." At that time, we imposed two conditions on the respondent. We required that he be supervised for a period of 2 years; respondent failed to comply with that condition. We also ordered respondent to attend counseling as recommended by his doctor; he has failed to comply with that condition. Based on his failure to comply with these conditions, we issued a show cause order ordering respondent to show cause why he should not be disciplined.

In the meantime, respondent accepted employment as a public defender. He has had no further complaints filed against him since accepting employment as a public defender. The show cause order was held in abeyance awaiting the hearing panel's report for the Kansas Board for Discipline of Attorneys in the following cases. Respondent stipulated to the controlling facts and specific violations:

In Case No. A6179, respondent failed to provide competent representation to two clients in violation of Model Rule of Professional

Conduct (MRPC) 1.1 (1997 Kan. Ct. R. Annot. 268). Respondent failed to act with reasonable diligence and promptness in representing the clients in violation of MRPC 1.3 (1997 Kan. Ct. R. Annot. 276). Respondent failed to keep the clients reasonably informed about the status of their cases in violation of MRPC 1.4(a) and (b) (1997 Kan. Ct. R. Annot. 282).

In Case No. A6481, respondent failed to act with reasonable diligence and promptness in representing a client in an expungement action in violation of MRPC 1.3. Respondent failed to provide competent representation to the client in violation of MRPC 1.1. Respondent lost documents entrusted to him by the client in violation of MRPC 1.15(d) (1997 Kan. Ct. R. Annot. 317), which requires an attorney to keep property of a client in a place of safekeeping. Respondent also violated Supreme Court Rule 207 (1997 Kan. Ct. R. Annot. 213) in that he failed to cooperate in the investigation of these complaints.

In Case No. A6544, respondent failed to provide competent representation to a client in a civil action in violation of MRPC 1.1. Respondent failed to act with reasonable diligence and promptness in representing the client in violation of MRPC 1.3. Respondent also violated Supreme Court Rule 207 in that he failed to cooperate in the investigation of these complaints.

In Case No. A6695, respondent violated Supreme Court Rule 207 in that he failed to cooperate in the investigation of a complaint.

In Case No. A6707, respondent violated Supreme Court Rule 207 in that he failed to cooperate in the investigation of a complaint.

In Case No. A6696, respondent failed to provide competent representation to a client in a probate proceeding in violation of MRPC 1.1. Respondent failed to act with reasonable diligence and promptness in representing the client in violation of MRPC 1.3. Respondent engaged in misconduct that is prejudicial to the administration of justice in violation of MRPC 8.4(d) (1997 Kan. Ct. R. Annot. 366). Respondent also violated Supreme Court Rule 207 in that he failed to cooperate in the investigation of these complaints.

In Case No. A6522, respondent failed to provide competent representation to a client in a criminal case in violation of MRPC 1.1. Respondent failed to act with reasonable diligence and promptness in representing the client in violation of MRPC 1.3. Respondent failed to keep the client reasonably informed about the status of a case in violation of MRPC 1.4(a). Respondent also violated Supreme Court Rule 207 in that he failed to cooperate in the investigation of these complaints.

Respondent's stipulations show clear and convincing evidence establishing the violations found and enumerated by the panel.

The hearing panel recommended that respondent be suspended from the practice of law for 3 years, but that at the end of 1 year respondent should be permitted to petition for the probation of his remaining years of suspension from the practice of law, conditioned upon respondent's presentation of a detailed written plan providing for close supervision and conditioned further upon reports and testimony by a qualified psychologist or psychotherapist that respondent might reasonably be expected to resume the practice of law without further violation of the MRPC.

This case is very troubling to the court. Respondent's conduct merits indefinite suspension from the practice of law. However, respondent's conduct occurred at a time when he was attempting the general practice of law while suffering from depression. He has had no problems that have been drawn to this court's attention during the period of time that he has been employed as a public defender. Thus, a majority of the court is willing to give respondent one final chance to get his life in order. Respondent is cautioned that failure to abide by any of the terms and conditions set forth hereinafter will be dealt with swiftly and severely.

IT IS THEREFORE ORDERED that imposition of discipline against respondent Wendell Betts be and is hereby suspended and that he be placed on probation for a period of 3 years on the terms and conditions hereinafter set out:

1. Within 60 days of the date of this opinion, respondent will furnish this court and the Disciplinary Administrator with a written plan showing in detail at least the following:

A medical report setting forth a plan for treatment showing the nature and extent of the treatment to be furnished and the days that respondent will be expected to appear for treatment. The court recognizes that respondent is engaged in trial practice and will not be able to control his availability for treatment. The court, however, will insist that if respondent is unable to appear for specific treatments, he will make up the appointment within 10 calendar days or as ordered by his doctor.

2. Respondent will furnish medical reports, on a schedule to be determined by the Disciplinary Administrator, which verify that he has kept his medical appointments.

3. Respondent will be supervised by his supervisor, Al Bandy, for a period of 3 years from the date of this order. On a quarterly basis, Bandy shall report to the Disciplinary Administrator as to the respondent's progress and any problems he observes. Any material deviation from proper practice shall be immediately reported to the Disciplinary Administrator.

4. The submitted plan for medical treatment and supervision by Bandy (which shall include the written acceptance by Bandy) must be approved by the Disciplinary Administrator, and additional requirements may be included by the Disciplinary Administrator with the approval of the court.

5. During the 3-year probation period, respondent may not engage in the general practice of law. Respondent is authorized to practice law solely in his capacity as a employee of the State Board of Indigents' Defense Services.

IT IS FURTHER ORDERED that, in the event respondent fails to abide by the conditions set out herein, this court shall take whatever disciplinary actions it deems just and proper, without further formal proceedings.

IT IS FURTHER ORDERED that this order be published in the official Kansas Reports and that the costs of the proceeding be assessed to respondent.