No. 81,524

In the Matter of DONALD C. LONG, *Respondent.*

(972 P.2d 773)

Opinion filed January 22, 1999.

*Stanton A. Hazlett,* disciplinary administrator, argued the cause and was on the formal complaints for petitioner.

*James M. Sheeley,* of Kansas City, argued the cause for respondent, and *Donald C. Long,* respondent, argued the cause pro se.

*Per Curiam:* This is an original proceeding in discipline filed by the office of the Disciplinary Administrator against respondent Donald C. Long, of Edwardsville, an attorney admitted to the practice of law in the state of Kansas. Four complaints were consolidated (B5950, A6336, A6473, and A6676). The Disciplinary Administrator voluntarily dismissed B5950 with prejudice. Although the complaints in the four cases were filed on March 27, 1997, respondent did not file written answers to the complaints until the week immediately preceding the disciplinary hearing, which was held on July 16, 1997.

Respondent stipulated to violations of Model Rules of Professional Conduct (MRPC) in two of the cases and one witness was called in A6676. The hearing panel of the Kansas Board for Discipline of Attorneys made findings that are summarized below. Respondent does not take exception to the findings.

## A6336

This complaint involves employment to obtain a mother's custody of her daughter. Respondent stipulated to violations of MRPC 1.2 (1998 Kan. Ct. R. Annot. 285) (a lawyer shall abide by a client's decisions concerning the lawful objectives of representation); 1.3 (1998 Kan. Ct. R. Annot. 288) (a lawyer shall act with reasonable diligence and promptness in representing a client); 1.4 (1998 Kan. Ct. R. Annot. 296) (a lawyer shall keep a client reasonably informed about the status of a matter); and 1.16(d) (1998 Kan. Ct. R. Annot. 341) (failure to withdraw and failure to protect client's interests).

The panel found that respondent had violated Kansas Supreme Court Rule 207(b) (1998 Kan. Ct. R. Annot. 222) (it shall be the duty of each member of the bar of this state to aid the Disciplinary Board and the Disciplinary Administrator in investigations concerning complaints of misconduct, and to communicate to the Disciplinary Administrator any information he or she may have affecting such matters) and 211(b) (1998 Kan. Ct. R. Annot. 233) (failure to serve an answer upon the Disciplinary Administrator within 20 days after the service of the complaint).

## A6473

This complaint involves employment in connection with a child support matter arising out of a divorce that occurred in 1976 in which the mother seeking support had attempted to represent herself. Respondent's representation began in 1994. Respondent stipulated to violations of MRPC 1.3 (1998 Kan. Ct. R. Annot. 288) (a lawyer shall act with reasonable diligence and promptness in representing a client) and 1.4 (1998 Kan. Ct. R. Annot. 296) (communication with a client).

The panel found that respondent had violated Kansas Supreme Court Rule 207(b).

## A6676

This complaint involves employment in an alleged wrongful termination case and a criminal proceeding. Respondent was successful in gaining a dismissal of the criminal charges and was to amend the civil case to add a complaint for malicious prosecution. He failed to file the amended complaint and failed to file a pretrial order. Although the court granted him permission to dismiss his complaint and refile it, thereby allowing him to add the malicious prosecution count, he failed to dismiss the action and refile it. His client's case was dismissed without prejudice and respondent approved the order. A dispute arose regarding whether respondent had informed his client of the dismissal and obtained the client's permission for the dismissal. A dispute also arose regarding whether respondent had told his client that the case would go to trial. It was also alleged that respondent told the investigator that

the lawsuit was dismissed because his client had agreed to an offer to settle the lawsuit. Respondent subsequently admitted that no firm offer had been made; only a discussion was held about such a possibility. Respondent essentially stipulated to all of the following violations except the failure to tell his client that the case had been dismissed. In any event, the panel found, and there is substantial competent evidence of a clear and convincing nature to support those findings, that respondent violated MRPC 1.1 (1998 Kan. Ct. R. Annot. 279) (a lawyer shall provide competent representation to a client); 1.2; 1.3; 1.4; 3.1 (1998 Kan. Ct. R. Annot. 350) (a lawyer shall not bring or defend a proceeding, or assert or controvert an issue therein, unless there is a basis for doing so that is not frivolous, which includes a good faith argument for an extension, modification or reversal of existing law); and 8.4(g) (1998 Kan. Ct. R. Annot. 386) (engage in any other conduct that adversely reflects on the lawyer's fitness to practice law).

The panel found that respondent had violated Kansas Supreme Court Rule 207(b) (it shall be the duty of each member of the bar of this state to aid the Disciplinary Board and the Disciplinary Administrator in investigations concerning complaints of misconduct, and to communicate to the Disciplinary Administrator any information he or she may have affecting such matters) and 211(b).

At the first hearing, the Disciplinary Administrator recommended the suspension of the imposition of discipline, with respondent to be placed on probation. When respondent failed to provide a satisfactory plan, the Disciplinary Administrator changed his recommendation from suspension of the imposition of discipline to a recommendation that respondent receive a 1-year suspension from the practice of law. A hearing was scheduled for June 24, 1998, at which time respondent stipulated that he had not fulfilled many of the material terms of the probation plan he had proposed earlier. He had not totally abstained from alcohol and had not obtained the input of a supervising attorney who was to provide a detailed inventory of respondent's pending cases. The hearing panel then considered the fact that respondent had been informally admonished in 1987 and 1988 for failure to pay timely attention to his clients' matters. The panel recommended that re-

spondent be suspended from the practice of law for a period of 1 year and that he be required to comply with Kansas Supreme Court Rule 219 before being reinstated to practice law.

At oral argument, respondent had obtained counsel who submitted information that respondent is suffering from depression as well as having an alcohol problem, and that upon proper treatment and having supervision of his law practice, the respondent is capable of practicing law.

We suggest to the members of the bar of this state who have the misfortune to appear before the Disciplinary Board and to the attorneys who represent those individuals that they read with care the Internal Operating Rules of the Kansas Board for Discipline of Attorneys, and in particular I.O. Rule E.8. (1998 Kan. Ct. R. Annot. 272) ("The recommendation that a responding lawyer be placed on probation is appropriate only in exceptional cases with persuasive mitigating factors. Probation should never be recommended unless a substantial and detailed plan of probation containing adequate safeguards to protect the public and to ensure respondent's full compliance with the disciplinary rules and the orders of the Court has been timely initiated and presented to the hearing panel by the respondent. *In re Jantz*, 243 Kan. 770, 763 P.2d 626 [1988]. Special findings as to the appropriateness of probation and the specific conditions of probation should be included in the Hearing Report."); see Supreme Court Rule 211(f).

We suggest to counsel that it is imperative that the plan be put into place at the earliest possible moment and submitted to the hearing panel for its consideration and "fine tuning" before the panel concludes the hearing. Counsel should not wait until oral argument before the panel or the Supreme Court to come forth with a plan and medical evidence.

This court has considered imposition of discipline cases in the past and has set forth the type of supervision which we deemed important in those cases. Resourceful counsel will have no difficulty in setting out other supervisory activities that would benefit the respondent in discipline cases. We would suggest that counsel might want to look at *In re Betts*, 263 Kan. 801, 953 P.2d 223 (1998); *In re Durr*, 263 Kan. 525, 949 P.2d 1130 (1997); *In re*

*Perkins*, 263 Kan. 207, 946 P.2d 998 (1997); *In re Betts*, 257 Kan. 955, 895 P.2d 604 (1995); and *In re Jackson*, 256 Kan. 492, 885 P.2d 1259 (1994).

Here, clear and convincing evidence supports the hearing panel's findings, and we agree with the panel's recommendation.

IT IS THEREFORE ORDERED that respondent be suspended from the practice of law for a period of 1 year and that he shall not be eligible for reinstatement to the practice of law until he has complied with the conditions set forth in Kansas Supreme Court Rule 219 (1998 Kan. Ct. R. Annot. 256). Respondent is granted permission to contact the office of the Disciplinary Administrator at the expiration of 10 months from the date of this order to start the proceedings under Supreme Court Rule 219.

IT IS FURTHER ORDERED that this order be published in the official Kansas Reports and that the costs of the proceeding be assessed to respondent.