IN THE SUPREME COURT OF THE STATE OF KANSAS

No. 113,578

In the Matter of WENDELL BETTS,
*Respondent*.

ORIGINAL PROCEEDING IN DISCIPLINE

Original proceeding in discipline. Opinion filed October 16, 2015. Indefinite suspension.

*Alexander M. Walczak*, Deputy Disciplinary Administrator, argued the cause, and *Stanton A. Hazlett*, Disciplinary Administrator, was with him on the formal complaint for the petitioner.

*Ronald E. Wurtz*, of Topeka, argued the cause, and *Wendell Betts*, respondent, argued the cause pro se.

*Per Curiam*:  This is an original proceeding in discipline filed by the office of the Disciplinary Administrator against the respondent, Wendell Betts, of Topeka, an attorney admitted to the practice of law in Kansas in 1981.

On October 29, 2014, the office of the Disciplinary Administrator filed a formal complaint against the respondent alleging violations of the Kansas Rules of Professional Conduct (KRPC). The respondent filed an answer on November 21, 2014. A hearing was held on the complaint before a panel of the Kansas Board for Discipline of Attorneys on February 26, 2015, where the respondent was personally present and was represented by counsel. The hearing panel determined that respondent violated KRPC 8.4(b) (2014 Kan. Ct. R. Annot. 680) (commission of a criminal act reflecting adversely on the lawyer's honesty, trustworthiness, or fitness as a lawyer); 8.4(d) (engaging in conduct prejudicial

1

to the administration of justice); and 8.4(g) (engaging in conduct adversely reflecting on lawyer's fitness to practice law).

Upon conclusion of the hearing, the panel made the following findings of fact and conclusions of law, together with its recommendation to this court:

"*Findings of Fact*

. . . .

"9.     During the early morning hours of January 24, 2013, the respondent and his wife argued. The respondent pushed his wife to a couch. The respondent's wife called the Shawnee County Sheriff's Department. After the deputy sheriff arrived, the respondent volunteered to vacate the residence. The deputy sheriff allowed the respondent to drive his vehicle away from the home.

"10.     In March 2013, the Shawnee County District Attorney's office charged the respondent with domestic battery and intimidation of a witness in case number 2013CR363. Despite the pending charges, the respondent and his wife continued to share a residence.

"11.     On July 23, 2013, a Topeka police officer observed the respondent drive his automobile in a reckless manner. The police officer observed the respondent nearly strike a vehicle being driven by the respondent's wife, near the Topeka Law Enforcement Center.

"12.     The police officer detained the respondent, administered a breathalyzer test, and searched the respondent's vehicle. The respondent's breathalyzer test result was .04. The respondent admitted that he had been drinking beer and taking prescription pain medication, the police officer located an open container of alcohol in the vehicle. The respondent failed the field sobriety tests. The respondent's eyes were bloodshot.

2

Additionally, during the search of the respondent's vehicle, he located a pipe with marijuana and an unloaded handgun.

"13.     As a result, the Shawnee County District Attorney's office charged the respondent with eight counts, including one felony offense, five misdemeanor offenses, and two traffic infractions in case number 2013CR1460:  stalking (felony); driving under the influence of alcohol (misdemeanor); possession of marijuana (misdemeanor); possession of drug paraphernalia (misdemeanor); transporting an open container of alcohol (misdemeanor); violation of a protective order (misdemeanor); improper driving on laned roadway (infraction); and improper left turn (infraction).

"14.     On January 8, 2014, the respondent entered into a plea agreement with the Shawnee County District Attorney's office. The respondent entered no contest pleas to driving under the influence, possession of marijuana, possession of drug paraphernalia, and transporting an open container of alcohol. In exchange for the respondent's pleas, the Shawnee County District Attorney's office dismissed the stalking charge, the battery charge, and intimidation of a witness charge, and the two traffic infractions. Based on the respondent's pleas, the court found the respondent guilty of driving under the influence, possession of marijuana, possession of drug paraphernalia, and transporting an open container of alcohol.

"15.     That same day, the court sentenced the respondent to concurrent six month jail sentences. The court ordered the respondent to serve 48 hours. Following the completion of the 48 hours in jail, the court suspended the remainder of the jail sentence and placed the respondent on supervised probation. As a term of probation, the court ordered the respondent to refrain from possessing or consuming any alcohol and/or illegal drugs. Further, as a term of probation, the court ordered the respondent to submit to drug and alcohol testing.

"16.     On August 14, 2014, the respondent submitted to a urinalysis. Some time prior to the drug test, the respondent had used marijuana, methamphetamine, and cocaine. As a result, the respondent's urinalysis showed the presence of marijuana, methamphetamine, and cocaine in the respondent's system. Thereafter, on August 25,

3

2014, the respondent's probation officer alleged that the respondent violated the terms of his probation. That same day, the court issued a warrant for the respondent's arrest.

"17. On September 20, 2014, following a routine traffic stop, the respondent was arrested on the warrant. The respondent appeared before the court on September 23, 2014, for a first appearance on the probation violation matter. The court scheduled the hearing on the probation violation matter for October 2, 2014.

"18. On October 2, 2014, the court conducted a hearing on the allegations that the respondent violated the supervised probation, by failing to remain law abiding and failing to abstain from drugs and alcohol. The respondent stipulated that he violated the conditions of probation: on May 23, 2014, he entered a plea of guilty to driving without a driver's license in his possession (misdemeanor) and on August 14, 2014, he tested positive for marijuana, methamphetamine, and cocaine. The court revoked the respondent's probation, suspended the execution of the sentence of imprisonment, and placed the respondent back on probation for an extended period of 12 months.

"19. On October 7, 2014, the respondent was transported from the jail to the Veteran's Administration Hospital in Topeka, Kansas, for alcohol and drug treatment. Following the completion of the alcohol and drug treatment program, the respondent was transferred to the Veteran's Administration Hospital domiciliary in Leavenworth, Kansas. The respondent remains at the domiciliary for drug, alcohol, and mental health treatment.

"20. In February, 2015, the respondent's psychiatrist placed the respondent into a cognitive behavioral treatment program. The respondent is due to complete the program in May, 2015.

"21. The respondent states that he has not attempted to practice law since his arrest on July 23, 2013.

"22. The Kansas Supreme Court suspended his license to practice law on September 18, 2013, for failing to complete the required continuing legal education.

4

"23.     Based upon the respondent's stipulations and the above findings of fact, the hearing panel concludes as a matter of law that the respondent violated KRPC 8.4(b), KRPC 8.4(d), and KRPC 8.4(g), as detailed below.

## "KRPC 8.4(b)

"24.     'It is professional misconduct for a lawyer to . . . commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects.' KRPC 8.4(b). In this case, the respondent entered a plea of no contest to four crimes:  driving under the influence of alcohol, possession of marijuana, possession of drug paraphernalia, and transporting an open container of alcohol. In exchange for the respondent's plea, the Shawnee County District Attorney's office dismissed a felony, two misdemeanors, and two traffic infractions. The crimes which the respondent was convicted of adversely reflect on the respondent's fitness as a lawyer. Accordingly, the hearing panel concludes that the respondent violated KRPC 8.4(b).

## "KRPC 8.4(d)

"25.     'It is professional misconduct for a lawyer to . . . engage in conduct that is prejudicial to the administration of justice.' KRPC 8.4(d). For the past number of years, the respondent has worked as a public defender for Shawnee County, Kansas. The respondent's ability to represent indigent criminal defendants was compromised when he engaged in criminal conduct. He could no longer defend cases against an entity which was prosecuting him. Additionally, the respondent's commission of the criminal acts also prejudices the administration of justice, given the respondent's reputation and relationship with the criminal law practice in Shawnee County, Kansas. Finally, the respondent engaged in conduct that is prejudicial to the administration of justice when he violated the court's order of probation. As such, the hearing panel concludes that the respondent engaged in conduct that was prejudicial to the administration of justice, in violation of KRPC 8.4(d).

5

"KRPC 8.4(g)

"26.    'It is professional misconduct for a lawyer to . . . engage in any other conduct that adversely reflects on the lawyer's fitness to practice law.' KRPC 8.4(g). The respondent engaged in conduct that adversely reflects on his fitness to practice law when he failed to comply with the terms and conditions of his probation. Specifically, the respondent engaged in conduct that adversely reflects on his fitness to practice law when he used marijuana, methamphetamine, and cocaine, leading to the positive urinalysis result. The hearing panel concludes that the respondent violated KRPC 8.4(g).

"*American Bar Association*
*Standards for Imposing Lawyer Sanctions*

"27.    In making this recommendation for discipline, the hearing panel considered the factors outlined by the American Bar Association in its Standards for Imposing Lawyer Sanctions (hereinafter 'Standards'). Pursuant to Standard 3, the factors to be considered are the duty violated, the lawyer's mental state, the potential or actual injury caused by the lawyer's misconduct, and the existence of aggravating or mitigating factors.

"28.    *Duty Violated*. The respondent violated his duty to the public and to the legal profession to maintain his personal integrity.

"29.    *Mental State*. The respondent knowingly violated his duty.

"30.    *Injury*. As a result of the respondent's misconduct, the respondent caused actual injury to the legal profession.

"Aggravating and Mitigating Factors

"31.    Aggravating circumstances are any considerations or factors that may justify an increase in the degree of discipline to be imposed. In reaching its

6

recommendation for discipline, the hearing panel, in this case, found the following aggravating factors present:

"32.    *Prior Disciplinary Offenses*. The respondent has been previously disciplined on five occasions.

a.    On June 2, 1995, the Kansas Supreme Court placed the Respondent on probation for 2 years for having violated MRPC 1.1, MRPC 1.3, and MRPC 8.4(d). *In re Betts*, 257 Kan. 955, 895 P.2d 604 (1995).

b.    On January 23, 1998, the Kansas Supreme Court placed the Respondent on probation for 3 additional years for having violated MRPC 1.1, MRPC 1.3, MRPC 1.4, MRPC 1.15(d), MRPC 8.4(d), and Kan. Sup. Ct. R. 207. *In re Betts*, 263 Kan. 801, 953 P.2d 223 (1998).

c.    On July 14, 1998, the Disciplinary Administrator informally admonished the Respondent for having violated MRPC 1.1, MRPC 1.3, MRPC 1.4, and MRPC 8.4.

d.    On July 6, 2006, the Disciplinary Administrator informally admonished the Respondent for having violated KRPC 1.3 and KRPC 8.4.

e.    On October 9, 2009, the Kansas Supreme Court censured the respondent for having violated KRPC 8.4(c). The Kansas Supreme Court published the censure in the Kansas Reports. *In re Betts*, 289 Kan. 820, 217 P.3d 30 (2009).

"33.    *A Pattern of Misconduct*. The respondent has engaged in a pattern of criminal misconduct and abuse of alcohol and use of illegal drugs.

7

"34.     *Multiple Offenses*. The respondent committed multiple rule violations. The respondent violated KRPC 8.4(b), KRPC 8.4(d), and KRPC 8.4(g). Accordingly, the hearing panel concludes that the respondent committed multiple offenses.

"35.     *Substantial Experience in the Practice of Law*. The Kansas Supreme Court admitted the respondent to practice law in the State of Kansas in 1981. At the time of the misconduct, the respondent has been practicing law for more than 30 years.

"36.     *Illegal Conduct, Including that Involving the Use of Controlled Substances*. The respondent's misconduct consisted of illegal conduct, including the use of illegal substances. As such, the hearing panel concludes that the respondent's misconduct is aggravated by the fact that the conduct was illegal.

"37.     Mitigating circumstances are any considerations or factors that may justify a reduction in the degree of discipline to be imposed. In reaching its recommendation for discipline, the hearing panel, in this case, found the following mitigating circumstances present:

"38.     *Absence of a Dishonest or Selfish Motive*. The respondent's misconduct does not appear to have been motivated by dishonesty or selfishness.

"39.     *Personal or Emotional Problems if Such Misfortunes Have Contributed to Violation of the Kansas Rules of Professional Conduct*. The respondent has suffered from 'lifelong bouts of depression that precipitate the cycle of using alcohol.' The respondent's psychiatrist, Dr. Marian Mack of the Veteran's Administration Hospital, specifically diagnosed the respondent with suffering from recurrent major depressive disorder, insomnia, and alcohol dependence. According to Dr. Mack, the respondent is in early remission from his alcohol dependence. Currently, the respondent is participating in a 16 week cognitive behavioral therapy depression group. According to the respondent, the cognitive behavior therapy is the treatment that he needs to properly address his problems. Finally, according to the respondent's psychiatrist, the respondent's prognosis is excellent. Additionally, the respondent has had marital difficulties for many years. On August 5, 2013, the respondent filed for divorce from his wife of 40 years. The case

8

remains pending before the Douglas County District Court. The respondent also testified that on September 24, 2013, his oldest son, Chaz, age 32, died unexpectedly. It is clear that the respondent's personal problems contributed to his misconduct.

"40.    *The Present and Past Attitude of the Attorney as Shown by His or Her Cooperation During the Hearing and His or Her Full and Free Acknowledgment of the Transgressions.* The respondent fully cooperated with the disciplinary process. The respondent admitted most of the underlying facts and the respondent stipulated that he violated KRPC 8.4(b), KRPC 8.4(d), and KRPC 8.4(g).

"41.    *Previous Good Character and Reputation in the Community Including Any Letters from Clients, Friends and Lawyers in Support of the Character and General Reputation of the Attorney*. The respondent is an active and productive member of the bar of Topeka, Kansas. The respondent also enjoys the respect of his peers and generally possesses a good character and reputation as evidenced by many letters received by the hearing panel.

"42.    *Imposition of Other Penalties or Sanctions.* The respondent has experienced other sanctions for his conduct. The respondent was incarcerated for more than 2 weeks.

"43.    *Remorse*. At the hearing on this matter, the respondent expressed genuine remorse for having engaged in the misconduct.

"44.    *Remoteness of Prior Offenses.* The respondent's previous misconduct is remote in time and character to the misconduct in this case.

"45.    In addition to the above-cited factors, the hearing panel has thoroughly examined and considered the following Standards:

'5.12    Suspension is generally appropriate when a lawyer knowingly engages in criminal conduct which does not contain the elements

listed in Standard 5.11 and that seriously adversely reflects on the lawyer's fitness to practice.

'7.2    Suspension is generally appropriate when a lawyer knowingly engages in conduct that is a violation of a duty owed as a professional, and causes injury or potential injury to a client, the public, or the legal system.'

"*Recommendation*

"46.    The disciplinary administrator recommended that the respondent's license to practice law be suspended for a period of 2 years. The disciplinary administrator further recommended that the respondent be required to undergo a reinstatement hearing, under Supreme Court Rule 219, prior to consideration of any petition for reinstatement. The respondent recognized that a period of suspension is warranted given the misconduct in the case. The respondent joined the disciplinary administrator's recommendation for a hearing pursuant to Supreme Court Rule 219.

"47.    Accordingly, based upon the findings of fact, conclusions of law, and the Standards listed above, the hearing panel unanimously recommends that the respondent's license to practice law be suspended for a period of 2 years. The hearing panel further recommends that the respondent be required to undergo a hearing pursuant to Supreme Court Rule 219, prior to consideration of a petition for reinstatement. Finally, the hearing panel recommends that at the reinstatement hearing, the respondent be required to show the following:

a.    The respondent successfully completed the 16 week cognitive behavioral therapy depression group.

b.    The respondent has continued to engage in treatment as recommended by the treatment professionals and is in compliance with all treatment recommendations.

c. The respondent has continued to take all medications as recommended and prescribed by the treatment professionals.

d. The respondent has remained completely abstinent from alcohol and illegal drugs from the date of this report to the date of his reinstatement hearing.

e. The respondent's treatment professionals are in agreement that the respondent is fit to resume the practice of law.

f. The respondent agrees to limit his practice to criminal law. The respondent agrees to engage in the practice of law in a structured group practice, *i.e.*, law firm, public defender's office, legal aid, etc., and not in a solo practice setting.

"48. Costs are assessed against the respondent in an amount to be certified by the Office of the Disciplinary Administrator."

## DISCUSSION

In a disciplinary proceeding, this court considers the evidence, the findings of the disciplinary panel, and the arguments of the parties and determines whether violations of KRPC exist and, if they do, what discipline should be imposed. Attorney misconduct must be established by clear and convincing evidence. *In re Foster*, 292 Kan. 940, 945, 258 P.3d 375 (2011); see Supreme Court Rule 211(f) (2014 Kan. Ct. R. Annot. 363). Clear and convincing evidence is "'evidence that causes the factfinder to believe that "the truth of the facts asserted is highly probable."'" *In re Lober*, 288 Kan. 498, 505, 204 P.3d 610 (2009) (quoting *In re Dennis*, 286 Kan. 708, 725, 188 P.3d 1 [2008]).

Respondent was given adequate notice of the formal complaint, to which he filed an answer, and adequate notice of the hearing before the panel and the hearing before this

court. The respondent did not file exceptions to the hearing panel's final hearing reports. As such, the findings of fact are deemed admitted. Supreme Court Rule 212(c) and (d) (2014 Kan. Ct. R. Annot. 383).

The evidence before the hearing panel establishes by clear and convincing evidence the charged misconduct violated KRPC 8.4(b) (2014 Kan. Ct. R. Annot. 680) (commission of a criminal act reflecting adversely on the lawyer's honesty, trustworthiness, or fitness as a lawyer); 8.4(d) (engaging in conduct prejudicial to the administration of justice); and 8.4(g) (engaging in conduct adversely reflecting on lawyer's fitness to practice law), and it supports the panel's conclusions of law. We adopt the panel's conclusions.

The only remaining issue before us is the appropriate discipline for respondent's violations. At the hearing before the panel, the office of the Disciplinary Administrator and respondent recommended that respondent be suspended from the practice of law in the state of Kansas for a period of 2 years and that respondent be required to undergo a Supreme Court Rule 219 (2014 Kan. Ct. R. Annot. 415) hearing prior to consideration of a petition for reinstatement. The panel adopted those recommendations and added that at the reinstatement hearing the respondent should be required to establish that:

     a. he has successfully completed the 16-week cognitive behavioral therapy depression group;

     b. he has continued to engage in treatment as recommended by the treatment professionals and is in compliance with all treatment recommendations;

12

c. he has continued to take all medications as recommended and prescribed by the treatment professionals;

d. he has remained completely abstinent from alcohol and illegal drugs from the date of the final hearing report to the date of his reinstatement hearing;

e. his treatment professionals are in agreement that the respondent is fit to resume the practice of law; and

f. he agrees to limit his practice to criminal law and agrees to engage in the practice of law in a structured group practice, *i.e.*, law firm, public defender's office, legal aid, etc., and not in a solo practice setting.

At the hearing before this court, at which the respondent appeared, the office of the Disciplinary Administrator recommended that respondent be suspended from the practice of law in the state of Kansas for a period of 2 years, that respondent be required to undergo a Supreme Court Rule 219 hearing prior to consideration of a petition for reinstatement, and that respondent meet the six requirements recommended by the hearing panel. The office of the Disciplinary Administrator suggested that respondent could petition the court for a Rule 219 hearing at any time during the 2-year suspension period. Respondent agreed with the 2-year suspension and requested that the effective date of the suspension be retroactive to July 23, 2013, the date of his fateful traffic stop and when he voluntarily ceased practicing law.

We hold that, given respondent's disciplinary record and the nature of his current problems, a more severe discipline than recommended by the panel should be imposed: he should be indefinitely suspended effective as of the date of his administrative

13

suspension, September 18, 2013; that respondent undergo a Rule 219 reinstatement hearing; and that at the reinstatement hearing, the respondent should be required to establish the six requirements set out by the panel in the final hearing report.

A minority of the court would impose a less severe discipline.

CONCLUSION AND DISCIPLINE

IT IS THEREFORE ORDERED that Wendell Betts be and is hereby disciplined by indefinite suspension from the practice of law in the state of Kansas, in accordance with Supreme Court Rule 203(a)(2) (2014 Kan. Ct. R. Annot. 306), and that the effective date of the suspension be made retroactive to September 18, 2013, the date of the administrative suspension. It is further ordered that, prior to reinstatement, respondent undergo a Rule 219 reinstatement hearing and that at the reinstatement hearing, the respondent establish the six requirements set out above.

IT IS FURTHER ORDERED that the costs of these proceedings be assessed to the respondent and that this opinion be published in the official Kansas Reports.

LUCKERT and ROSEN, JJ., not participating.
MICHAEL J. MALONE, Senior Judge, and TIMOTHY J. CHAMBERS, District Judge, assigned.[1]

---

[1]**REPORTER'S NOTE:** Senior Judge Malone and District Judge Chambers were appointed to hear case No. 113, 578 vice Justice Luckert and Justice Rosen under the authority vested in the Supreme Court by K.S.A. 20-2616 and by art. 3, § 6(f) of the Kansas Constitution respectively.